Judge McMahon

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RSUI INDEMNITY COMPANY, §
§
Plaintiff, §
§
-against- §
§
RCG GROUP (USA) and RELIANCE §
CONSTRUCTION, LTD. §
§
Defendants, §
§
-and- §
§
ADAM WHITE, ESQ. AS PROPOSED §
ADMINISTRATOR OF THE ESTATE OF §
ODIN TORRES, DECEASED, JOHN DELLA §
PORTA AND DEBRA DELLA PORTA, §
THALIA M. MAZZA, AS PROPOSED §
ADMINISTRATRIX OF THE ESTATE OF §
ANTHONY C. MAZZA, DECEASED AND §
THALIA M. MAZZA INDIVIDUALLY, §
JESSICA L. GALLONE, AS §
ADMINISTRATRIX OF THE ESTATE OF §
SANTY N. GALLONE, DECEASED AND §
JESSICA L. GALLONE INDIVIDUALLY, §
CHRISTOPHER CANZONA, AS §
PROPOSED ADMINISTRATOR OF THE §
ESTATE OF CLIFFORD CANZONA, §
DECEASED, SULE CABUKYUKSEL, §
TOWER INSURANCE COMPANY OF NEW §
YORK, HARLEYSVILLE INSURANCE §
COMPANY, AYEFER DOGAN, HUSEYIN §
BAHADIR DOGAN, RASMI YILMAZ, §
AMERICAN INTERNATIONAL §
INSURANCE COMPANY OF NEW §
JERSEY, JENNIFER ANNE BATTISTELLO, §
JHON GALLEGO, ALLSTATE §
INSURANCE COMPANY, ANDREW §
CEMPA, JR., CAROLYN EVANS, JOSHUA §
D. MINTER, BREE DABERKO, §
DEMETRIOUS PAPAIOANNOU, AL §
SALGADO, NATIONWIDE MUTUAL §
INSURANCE COMPANY, DONNA FREEL, §

**COMPLAINT**
**FOR**
**DECLARATORY JUDGMENT**

Case No. **08 CIV 7218** ·



AUG 14 2008
U.S.D.C. S.D. N.Y.
CASHIERS

FUBAR PARTNERS, INC. T/A FUBAR,       §
GOVERNMENT EMPLOYEES                   §
INSURANCE COMPANY, KELLY NAIL          §
CENTER, STATE FARM INSURANCE          §
COMPANIES, DOROTA RYCKO,              §
GREATER NEW YORK MUTUAL               §
INSURANCE COMPANY, WILLIAM            §
RAPETTI AND AUDREY RAPETTI, CHRIS     §
GARCIA, TIFFANY L. LAYNE, DOKA        §
USA, LTD., ROSALIE STEPHENS, AS       §
PROPOSED ADMINISTRATRIX OF THE        §
ESTATE OF AARON STEPHENS,             §
DECEASED, EILEEN HAYES, MARGERY       §
JANE BONIA, EAST 51st STREET          §
DEVELOPMENT COMPANY, LLC, BRUCE       §
BERNSTEIN, JUAN PEREZ, LEXINGTON      §
INSURANCE COMPANY, CLARENCE           §
AND TERESA KWEI, DENISE BLEIDNER,     §
LIBERTY MUTUAL INSURANCE              §
COMPANY, ROBERT AND AMY               §
TUCKER, VICTOR GUANAQUIZA,            §
KATHLEEN TOMPKINS, EDWARD             §
ALLEN, CATHERINE COHEN, 964           §
ASSOCIATES LLC, 968 KINGSMEN LLC,     §
CHRISTINE SALEMI, TRAVELERS           §
INDEMNITY COMPANY, STONINGTON         §
INSURANCE COMPANY, PHOENIX            §
INSURANCE COMPANY, LUZ LALICH,        §
KBL 51ST STREET LTD., PARTNERSHIP,    §
EVEREST NATIONAL INSURANCE            §
COMPANY, CHARTER OAK FIRE             §
INSURANCE COMPANY, AUTOMOBILE         §
INSURANCE CO. OF HARTFORD,            §
BARKER STEEL CO., INC., LINEAR        §
CONTRACTING, INC., TMJ PLUMBING       §
AND HEATING CORP., and JOHN DOES 1-   §
300,                                  §
                                      §
                    Nominal Defendants. §

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, RSUI Indemnity Company ("RSUI"), by and through its undersigned attorneys, file this Complaint for Declaratory Relief and allege as follows:

## NATURE OF THE ACTION

1.    This is an insurance coverage action seeking declaratory judgment determining the respective rights and obligations of plaintiff RSUI and defendants RCG Group (USA) and Reliance Construction, Ltd. ("RCG/Reliance") under a contract of excess liability insurance with respect to certain claims that have been asserted and that may be asserted by the "Nominal Defendants" and others against RCG/Reliance (the "Underlying Claims") arising out of the collapse on March 15, 2008 of a crane being used in the construction of a residential condominium tower located at 303 East 51st Street in New York City (the "Accident").

2.    RCG/Reliance notified RSUI that they seek coverage under an RSUI excess liability insurance policy for the Underlying Claims, which gives rise to a dispute between RSUI and RCG/Reliance regarding the existence and availability of coverage under the excess liability insurance contract.

3.    A comprehensive resolution of these and other issues is necessary to establish the respective rights and obligations of all parties with respect to the excess liability policy and the Underlying Claims, and to avoid any risk of inconsistent rulings and judgments.

## THE PARTIES

**A.    Plaintiff**

4.    RSUI is an insurance company organized under the laws of the State of New Hampshire with a principal place of business in the State of Georgia, and is licensed to conduct and does conduct business in the State of New York.

**B.    Defendants**

5.    Upon information and belief, RCG Group (USA) is a New Jersey corporation having its principal place of business in the State of New Jersey, and conducts and has conducted business in the State of New York.

6.    Upon information and belief, Reliance Construction, Ltd. is a Delaware corporation having its principal place of business in the State of New Jersey, and conducts and has conducted business in the State of New York.

**C.    Nominal Defendants**

7.    Upon information and belief, Adam White, Esq., as Proposed Administrator of the Estate of Odin Torres, Deceased, is a resident of the State of New York, and has filed suit and asserted a claim against RCG/Reliance in connection with the Accident.

8.    Upon information and belief, John Della Porta and Debra Della Porta are residents of the State of New York, and have filed suit and asserted a claim against RCG/Reliance in connection with the Accident.

9.    Upon information and belief, Thalia M. Mazza, as Proposed Administratrix of the Estate of Anthony C. Mazza, Deceased and Thalia M. Mazza Individually, is a resident of the State of New York, and has filed suit and asserted a claim against RCG/Reliance in connection with the Accident.

10.    Upon information and belief, Jessica L. Gallone, as Proposed Administratrix of the Estate of Santy N. Gallone, Deceased and Jessica L. Gallone Individually, is a resident of the State of New York, and has filed suit and asserted a claim against RCG in connection with the Accident.

11.    Upon information and belief, Christopher Canzona, as Proposed Administrator of the Estate of Clifford Canzona, Deceased, is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

12.    Upon information and belief, Sule Cabukyuksel is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

13.    Upon information and belief, Tower Insurance Company of New York is an insurance company organized under the laws of the state of New York with a principal place of business in New York, which has asserted a claim against RCG/Reliance in connection with the Accident on behalf of its alleged insured, Jean Squeri.

14.    Upon information and belief, Harleysville Insurance Company is an insurance company organized under the laws of the Commonwealth of Pennsylvania with a principal place of business in Pennsylvania, and conducts or has conducted business in the State of New York.  Upon information and belief, Harleysville Insurance Company has asserted a claim against RCG/Reliance in connection with the Accident on behalf of its alleged insured, LaMoll Cleaners.

15.    Upon information and belief, Ayefer Dogan is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

16.    Upon information and belief, Huseyin Bahadir Dogan is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

17.    Upon information and belief, Rasmi Yilmaz is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

18.    Upon information and belief, American International Insurance Company of New Jersey is an insurance company organized under the laws of the State of New Jersey with a principal place of business in Delaware, and has asserted a claim against RCG/Reliance in connection with the Accident on behalf of its alleged insured, Peter Daledda.

19.    Upon information and belief, Jennifer Anne Battistello is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

20.    Upon information and belief, Jhon Gallego is a resident of the State of New York, and has filed suit and asserted a claim against RCG in connection with the Accident.

21.    Upon information and belief, Allstate Insurance Company is an insurance company organized under the laws of the State of Illinois with a principal place of business in Illinois, and has asserted a claim against RCG/Reliance in connection with the

Accident on behalf of its alleged insureds, Haraguchi, Josephson, Koenig, Hames, Epinette, Greco, Mohr, Murray, Smolinski, Cempa, Flores, Chipman, Hawkes, Cochrane, Manley, Farahnakian, Jarmul, Pia-Commela, and Magdison et al.

22.    Upon information and belief, Andrew Cempa, Jr. is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

23.    Upon information and belief, Carolyn Evans is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

24.    Upon information and belief, Joshua D. Minter is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

25.    Upon information and belief, Bree Daberko is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

26.    Upon information and belief, Demetrios Papaioannou is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

27.    Upon information and belief, Al Salgado is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

28.    Upon information and belief, Nationwide Mutual Insurance Company is an insurance company organized under the laws of the State of Wisconsin with a principal place of business in Wisconsin, and has asserted a claim against RCG/Reliance

in connection with the Accident on behalf of its alleged insured, Mayra Segovia F. Studio, LLC.

29.     Upon information and belief, Donna Freel is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

30.     Upon information and belief, Al Salgado is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

31.     Upon information and belief, Fubar Partners, Inc. t/a Fubar is a New York corporation having its principal place of business in the State of New York, and conducts and has conducted business in the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

32.     Upon information and belief, Government Employees Insurance Company is an insurance company organized under the laws of the State of New York with a principal place of business in New York, and has asserted a claim against RCG/Reliance in connection with the Accident on behalf of its alleged insured, Hisham Rifai.

33.     Upon information and belief, Kelly Nail Center is a New York company having its principal place of business in the State of New York, and conducts and has conducted business in the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

34.     Upon information and belief, State Farm Insurance Company is an insurance company organized under the laws of the State of Illinois with a principal place of business in Illinois, and has asserted a claim against RCG/Reliance in connection with the Accident on behalf of its alleged insureds, Olivier Plusquellec, Wilfredo T. Vegas, Maureen T. Shea, Robert Butman, and Rebecca Leventhal/Albertson.

35.    Upon information and belief, Dorota Rycko is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

36.    Upon information and belief, Greater New York Mutual Insurance Company is an insurance company organized under the laws of the State of New York with a principal place of business in New York, and has asserted a claim against RCG/Reliance in connection with the Accident on behalf of its alleged insureds, Kibel and Duhl.

37.    Upon information and belief, William Rapetti and Audrey Rapetti are residents of the State of New York, and have filed suit and asserted a claim against RCG/Reliance in connection with the Accident.

38.    Upon information and belief, Chris Garcia is a resident of the State of New Jersey, and has asserted a claim against RCG/Reliance in the State of New York in connection with the Accident.

39.    Upon information and belief, Tiffany L. Layne is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

40.    Upon information and belief, Doka USA Ltd. is a New Jersey corporation having its principal place of business in the State of New Jersey, and conducts and has conducted business in the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

41.    Upon information and belief, Rosalie Stephens, as Proposed Administratrix of the Estate of Aaron Stephens, is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

42.    Upon information and belief, Eileen Hayes is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

43.    Upon information and belief, Margery Jane Bonia is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

44.    Upon information and belief, East 51st Street Development Company, LLC is a New York limited liability company having its principal place of business in the State of New York, and conducts and has conducted business in the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

45.    Upon information and belief, Bruce Bernstein is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

46.    Upon information and belief, Juan Perez is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

47.    Upon information and belief, Lexington Insurance Company is an insurance company organized under the laws of the State of New York with a principal place of business in New York, and has asserted a claim against RCG/Reliance in connection with the Accident on behalf of its alleged insured, East 51st Street Development Company, LLC.

48.     Upon information and belief, Clarence and Teresa Kwei are residents of the State of New York, and have asserted a claim against RCG/Reliance in connection with the Accident.

49.     Upon information and belief, Denise Bleidner is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

50.     Upon information and belief, Liberty Mutual Insurance Company is an insurance company organized under the laws of the State of Massachusetts with a principal place of business in Massachusetts, and has asserted a claim against RCG/Reliance in connection with the Accident on behalf of its alleged insureds, Leslie Defino, Adam Black, Craig Monaco, and Brett Bushinger.

51.     Upon information and belief, Robert and Amy Tucker are residents of the State of New York, and have asserted a claim against RCG/Reliance in connection with the Accident.

52.     Upon information and belief, Victor Guanaquiza is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

53.     Upon information and belief, Kathleen Tompkins is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

54.     Upon information and belief, Edward Allen is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

55.     Upon information and belief, Catherine Cohen is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

56.     Upon information and belief, 964 Associates LLC is a New York limited liability company having its principal place of business in the State of New York, and conducts and has conducted business in the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

57.     Upon information and belief, 968 Kingsmen LLC is a New York limited liability company having its principal place of business in the State of New York, and conducts and has conducted business in the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

58.     Upon information and belief, Christine Salemi is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

59.     Upon information and belief, Travelers Indemnity Company is an insurance company organized under the laws of the State of Connecticut with a principal place of business in Connecticut, and has asserted a claim against RCG/Reliance in connection with the Accident on behalf of its alleged insured, Salon B, Inc.

60.     Upon information and belief, Stonington Insurance Company is an insurance company organized under the laws of the State of New York with a principal place of business in New York, and has asserted a claim against RCG/Reliance in connection with the Accident on behalf of its alleged insured, Fubar Partners Inc.

61.    Upon information and belief, Phoenix Insurance Company is an insurance company organized under the laws of the State of Connecticut with a principal place of business in Connecticut, and has asserted a claim against RCG/Reliance in connection with the Accident on behalf of its alleged insureds, RRES Restaurant Group, LLC and Krunch Pizza & Bar.

62.    Upon information and belief, Luz Lalich is a resident of the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

63.    Upon information and belief, KBL 51st Street Ltd., Partnership is a partnership organized under the laws of the State of New York, and conducts and has conducted business in the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

64.    Upon information and belief, Everest National Insurance Company is an insurance company organized under the laws of the State of New York with a principal place of business in New York, and has asserted a claim against RCG/Reliance in connection with the Accident on behalf of its alleged insureds, OISHI LLC, Dorothy Finger, Ascott Properties, LLC, and Jonathan D. Levine.

65.    Upon information and belief, Charter Oak Fire Insurance Company is an insurance company organized under the laws of the State of New York with a principal place of business in New York, and has asserted a claim against RCG/Reliance in connection with the Accident on behalf of its alleged insureds, Harold Streitman, Mary Smillie, Camille Lipton, and Carl Lella.

66.    Upon information and belief, Automobile Insurance Co. of Hartford is an insurance company organized under the laws of the State of Connecticut with a principal

place of business in Connecticut, and has asserted a claim against RCG/Reliance in connection with the Accident on behalf of its alleged insureds, Jeremy Wolf, Leigh Weismann, Nicole Urban, Jennifer Shapiro, Christine Salemi, Amy Rubin, Seth Mach, Maximilian Hoover, Peter Fernandes, Lisa Manowitz, Michelle Crowley, Elissa Brin, Bruce Bernstein, Gordon Bares, and Anthony Amato.

67.     Upon information and belief, Barker Steel Co., Inc. is a Massachusetts corporation having its principal place of business in the State of Massachusetts, and conducts and has conducted business in the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

68.     Upon information and belief, Linear Contracting, Inc. is a New York corporation having its principal place of business in the State of New York, and conducts and has conducted business in the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

69.     Upon information and belief, TMJ Plumbing and Heating Corp. is a New York corporation having its principal place of business in the State of New York, and conducts and has conducted business in the State of New York, and has asserted a claim against RCG/Reliance in connection with the Accident.

70.     Nominal Defendants John Does 1-300 are persons and/or entities not currently known to plaintiff who have asserted or will assert in the future a claim against RCG/Reliance in connection with the collapse on March 15, 2008 of a crane being used in the construction of a residential condominium tower located at 303 East 51st Street in New York City, for which RCG/Reliance may seek defense, reimbursement, and/or indemnification from RSUI.

## JURISDICTION AND VENUE

71.    This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

72.    An actual justiciable controversy exists among plaintiff and defendant within the meaning of 28 U.S.C. § 2201 regarding the existence or non-existence of any insurance coverage under the RSUI policy, as more particularly described below.

73.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states.

74.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to the Underlying Claims occurred in this district.

## THE UNDERLYING CLAIMS

75.    Upon information and belief, RCG/Reliance contracted to serve as construction manager with respect to the erection of a residential condominium building located at 303 East 51st Street in New York City (the "Project") and did in fact undertake such work at this construction site.

76.    Upon information and belief, on or about March 15, 2008, a tower crane in use in constructing the residential structure at the aforementioned construction site was being extended to the 18th floor of the building under construction when it fell southward, causing bodily injury to certain persons in the vicinity, damage to the building under construction and damage to adjacent buildings during the process.

77.    Upon information and belief, RCG/Reliance has been named as a defendant in lawsuits involving Underlying Claims filed by Nominal Defendants Adam White, Esq., as Proposed Administrator of the Estate of Odin Torres, Deceased, John Della Porta and Debra Della Porta, Thalia M. Mazza, as Proposed Administratrix of the Estate of Anthony C. Mazza, Deceased and Thalia M. Mazza Individually, Jessica L. Gallone, as Proposed Administratrix of the Estate of Santy N. Gallone, Deceased and Jessica L. Gallone Individually, Jhon Gallego, William Rapetti and Audrey Rapetti, and additional Underlying Claims have been asserted against RCG/Reliance by other nominal defendants.

78.    Upon information and belief, the Underlying Claims seek the recovery of damages on account of alleged bodily injury and/or property damage purportedly caused in whole or in part by the acts and/or omissions of RCG/Reliance in connection with the Project.

## THE COVERAGE CLAIMS

79.    RSUI Indemnity Company issued Commercial Excess Liability Policy number NHA040564 to RCG Group (USA) for the policy period July 4, 2007 to July 4, 2008.

80.    The RSUI excess policy extends coverage for only those covered liabilities that RCG Group (USA) becomes legally obligated to pay as damages because of injury to which the insurance applies, and that have damage amounts in excess of the underlying primary limits of liability.

81.    The RSUI excess policy includes an exclusionary endorsement that reads as follows:

*This Endorsement Changes The Policy. Please Read It Carefully.*

## EXCLUSION - RESIDENTIAL WORK

This endorsement modifies insurance provided under the following:

## COMMERCIAL EXCESS LIABILITY POLICY

The insurance does not apply to any liability arising out of your operations or "your work" on any "residential project".

"Residential project" shall mean apartments, single and multi-family dwellings, townhouses, duplexes, condominiums or cooperatives, "mixed-use buildings" or any other place of domicile, and shall include appurtenant structures and common areas.

"Residential project" shall also include any building converted or being converted for individual or collective residential ownership.

"Mixed-use buildings" shall mean structures and improvements thereto, which contain both residential units and commercial space.

"Your work" and "suit" shall be defined in the "Underlying Insurance".

However, in so far as coverage is provided in the "Underlying Insurance", this exclusion does not apply to your operations or "your work" that is on or in commercial space in "mixed-use buildings".

We shall have no duty or obligation to provide or pay for the investigation or defense of any loss, cost, expense, claim or "suit" excluded by this endorsement.

82.     RCG/Reliance has tendered the claims of the Nominal Defendants to RSUI, and it is anticipated that they will tender additional claims and lawsuits that may arise out of the Accident.

83.     The 303 East 51st Street Project is a "residential project" as defined by the RSUI exclusion, and all of the claims tendered to RSUI allege liability arising out of RCG/Reliance's operations or work on the Project. RSUI disputes and has denied the existence of any coverage, defense or indemnity obligations under its excess policy with respect to the Underlying Claims.

84.    An actual controversy exists among RSUI, RCG/Reliance, and Nominal Defendants regarding the existence of any coverage with respect to the Underlying Claims under the RSUI excess policy, and these parties have an interest in the issues being adjudicated and resolved.

## COUNT I – DECLARATORY JUDGMENT REGARDING RSUI'S DUTY TO DEFEND AND INDEMNIFY RCG/RELIANCE IN RELATION TO THE UNDERLYING CLAIMS

85.    Plaintiff repeats and incorporates herein the allegations set forth in Paragraphs 1 through 84 above as if set forth at length.

86.    Insurance coverage is not afforded for the Underlying Claims under the RSUI excess policy issued to RCG/Reliance by reason of the following:

a.    The RSUI excess policy excludes from coverage any liability arising out of RCG/Reliance's operations or work on any "residential project" as defined in the RSUI policy. The Underlying Claims allege liability arising from such a project.

b.    Coverage under the RSUI excess policy is not afforded to persons and entities that do not qualify as insureds under the terms of the RSUI excess policy, including but not limited to any joint venture or partnership of which any insured is a member and which is not designated in the RSUI policy as a named insured.

c.    Coverage under the RSUI excess policy is not afforded, in whole or in part, where the Underlying Claims do not involve or otherwise constitute claims for "property damage," "bodily injury" or "personal injury" as defined in the RSUI excess policy and/or

the primary policy, which provisions the RSUI excess policy adopts to the extent they do not differ from terms of the RSUI excess policy.

d. RSUI has no duty to defend, reimburse or indemnify RCG/Reliance with respect to the Underlying Claims unless and until all underlying limits and applicable limits of liability contained in all "Underlying Insurance" as defined in the RSUI excess policy are completely and properly exhausted.

e. RSUI has no duty to defend, reimburse or indemnify RCG/Reliance with respect to the Underlying Claims unless and until all other valid and collectible insurance whether primary, excess, contingent or any other basis is completely and properly exhausted.

f. Coverage under the RSUI excess policy does not apply to any Underlying Claim that seeks to recover property damage to any property or equipment rented, leased or loaned to any insured.

g. Coverage under the RSUI excess policy does not apply to any Underlying Claim that seeks to recover for property damage to property being installed or erected by or for any insured.

h. Coverage under the RSUI excess policy does not apply to the extent RCG/Reliance was included as an insured under any owner-controlled, consolidated (wrap-up) insurance program or similar rating plan with respect to the Project.

i.     Coverage under the RSUI excess policy does not apply to any Underlying Claim that seeks to recover for property damage to that particular part of the real property on which the work was being performed by or for any insured.

j.     Coverage under the RSUI excess policy does not apply to any Underlying Claim that seeks to recover for property damage that is described in the RSUI policy endorsement entitled "EXCLUSION -- DAMAGE TO PROPERTY".

k.     Coverage under the RSUI excess policy does not apply to any Underlying Claim that alleges liability arising out of any professional services performed by, for or on behalf of the insured.

l.     Coverage under the RSUI excess policy does not apply to any Underlying Claim that seeks to recover for any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

m.     Coverage under the RSUI excess policy does not apply to any Underlying Claim that seeks to recover for any bodily injury to an employee of the insured and as further set forth and described in the "Employer's Liability" exclusion in the primary policy, which provisions the RSUI excess policy adopts to the extent they do not differ from terms of the RSUI excess policy.

n.     Coverage under the RSUI excess policy does not apply to any Underlying Claim that seeks to recover for property damage to that

particular part of any property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

o. Coverage under the RSUI excess policy does not apply to any Underlying Claim that seeks to recover for property damage to an insured's product arising out of it or any part of it.

p. Coverage under the RSUI excess policy does not apply to any Underlying Claim that seeks to recover for property damage to "impaired property" as defined by the policy, or property that has not been physically injured arising out of a defect, deficiency, inadequacy or dangerous condition in the insured's product or work or a delay or failure by the insured or anyone acting on the insured's behalf to perform a contract or agreement in accordance with its terms.

q. Coverage under the RSUI excess policy does not apply to any Underlying Claim that seeks to recover for bodily injury or property damage described in the endorsement titled "EXCLUSION – CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS" contained in the primary policy, which provisions the RSUI excess policy adopts to the extent they do not differ from terms of the RSUI excess policy.

r. Coverage under the RSUI excess policy does not apply to any Underlying Claim that seeks to recover for bodily injury or

property damage arising from claims or suits described in the endorsement titled "CROSS SUITS EXCLUSION" contained in the primary policy, which provisions the RSUI excess policy adopts to the extent they do not differ from terms of the RSUI excess policy.

s.    Coverage under the RSUI excess policy is further barred or limited to the extent to which RCG/Reliance and/or its subcontractors failed to meet the conditions described in the endorsement titled "SUBCONTRACTORS – INDEPENDENT CONTRACTORS CONDITIONAL COVERAGE WITH DAMAGE AND EXPENSE LIMIT" contained in the primary policy, which provisions the RSUI excess policy adopts to the extent they do not differ from the terms of the RSUI excess policy.

t.    Coverage under the RSUI excess policy is not afforded for any claim for punitive damages, fines or penalties.

87.    There exists a substantial, bona fide, actual, and justiciable dispute regarding application of the terms, provisions and exclusions of the RSUI excess policy to the Underlying Claims. Upon information and belief, Nominal Defendants have an interest in and may be affected by the adjudication and resolution of this dispute and have therefore been joined.

88.    As a result of this controversy, RSUI is entitled to have a declaration of its rights and a judicial interpretation of the rights and obligations of the parties with respect to the excess liability policy and the claims arising out of the Accident, including the

Underlying Claims. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

WHEREFORE, Plaintiff hereby demands judgment as follows:

(a)    Determining and declaring that coverage for claims arising out of the Accident, including but not limited to the Underlying Claims, and the defense, reimbursement, and/or indemnification with respect to the claims is not afforded under the RSUI excess policy;

(b)    Alternatively, determining and declaring the extent and scope of any coverage provided under the RSUI excess policy with respect to any Underlying Claims for which coverage may apply;

(c)    Otherwise determining and declaring the respective rights and obligations of Plaintiff, Defendants, and Nominal Defendants with respect to the RSUI excess policy; and

(d)    For such other and further relief as the Court may deem just and equitable.


Respectfully submitted,

Dated: August 13, 2008                    **HARDIN, KUNDLA, MCKEON**
                                          **& POLETTO, P.A.**

                                          By: _/s/ George R. Hardin_____
                                          George R. Hardin (GH-0722)
                                          110 William Street
                                          New York, NY 10038
                                          (212) 571-0111
                                          (212) 571-1117 (facsimile)


674910v1

**Service List**
**RSUI Indemnity Company v. RCG Group (USA) et al.**

**Plaintiff**

Hardin, Kundla, McKeon & Poletto, P.A.
110 William Street, 25th Floor
New York, NY 10038

Attorneys for RSUI Indemnity Company

**Defendants**

Risk / Insurance Manager
RCG Group (USA)
300 Interpace Parkway
Parsippany, NJ  07054

Reliance Construction Ltd.
c/o CT Corporation System
111 Eighth Avenue
New York, N.Y. 10011

Richard J. Gallo, Esq.
Gallo, Vitucci, Klar, Pinter & Cogan
90 Broad Street, 3rd Floor
New York, NY 10004

**Nominal Defendants**

Edward A. Steinberg, Esq.
Leav & Steinberg, LLP
120 Broadway, 18th Floor
New York, N.Y. 10271
Attorneys for Adam White, Esq. as Proposed Administrator of the Estate of Odin Torres,
Deceased.

Robert J. Sullivan, Esq.
SULLIVAN, PAPAIN, BLOCK, McGRATH & CANNAVO, P.C.
120 Broadway, 18th Floor
New York, NY 10271
Attorneys for John Della Porta and Debra Della Porta

Vito A. Cannavo, Esq.
SULLIVAN, PAPAIN, BLOCK, McGRATH & CANNAVO, P.C.
120 Broadway, 18th Floor
New York, NY 10271
Attorneys for Claimant, Thalia M. Mazza, as Proposed Administratrix of the Estate of
Anthony C. Mazza, Deceased and Thalia M. Mazza Individually; and Jessica L. Gallone,
as Proposed Administratrix of the Estate of Santy N. Gallone, Deceased and Jessica L.
Gallone Individually


Alan B. Leibowitz, Esq.
SIMONSON, HESS & LEIBOWITZ, P.C.
15 Maiden Lane
New York, NY 10038
Attorneys for Claimant, Christopher Canzona, as Proposed Administrator of the Estate of
Clifford Canzona, Deceased

Marc E. Verzani, Esq.
WOODS VERZANI, LLP
292 Madison Avenue, 22nd Floor
New York, NY 10017
Attorneys for Claimants, Andrew Cempa, Jr., Carolyn Evans, and
Demetrios Papaioannou, Sule Cabukyuksel

Tower Insurance Company of New York
225 Broadhollow Road, Suite 410E
Melville, New York 11747
Re: Claim of Jean Squeri-File No. L08-107b (BK)

Law Office of Robert A. Stutman, P.C.
501 Office Center Drive, Ste. 300
Fort Washington, PA 19034
Attorneys for Claimant Harleysville Insurance Companies on behalf of LaMoll Cleaners

Russ M. Nazrisho, Esq.
Sipsas & Nazrisho, P.C.
33-19 30th Avenue, Suite 101
Astoria, NY 11103
Attorneys for Claimants, Ayefer Dogan, Huseyin Bahadir Dogan and Rasmi Yilmaz


American International Insurance Company of New Jersey
c/o AIG Personal Lines
One Park Place
Albany, N.Y. 12205
Re: Claim on behalf of Peter Daledda-Claim No. 08-00113683

JAROSLAWICZ & JAROS, LLC
225 Broadway, 24th Floor
New York, NY 10007
Attorneys for Claimants, Jennifer Anne Battistello, Eileen Hayes and Margery Jane
Bonia

Steven B. Dorfman, Esq.
Friedman & Moses, LLP
233 Broadway, Suite 901
New York, NY 10279
Attorneys for Jhon Gallego

Allstate Insurance Company
P.O. Box 21169
Roanoke, VA 24018
Re: Haraguchi, Claim # 0108773952, Josephson Claim #0108710567, Koenig Claim #
0108816471, Hames Claim #0108780818, Epinette Claim #0108686635, Greco Claim
0108677625, Mohr Claim #0108696799, Murray Claim #0108757725, Smolinski Claim
#0108696203, Cempa Claim #5382159167, Flores Claim #0108899724, Chipman Claim
#0109057380, Hawkes Claim #0108769860, , Cochrane Claim #0108770371 , Manley
Claim #0108862961, Farahnakian Claim #0108708058, Jarmul Claim #0108879149, Pia-
Commela Claim #0109317965 and Magdison Claim #0109780014.

Andrew L. Weitz, Esq.
ANDREW L. WEITZ & ASSOCIATES, P.C.
233 Broadway, 5th Floor
New York, NY 10279
Attorneys for Claimants, Joshua Minter and Bree Daberko

Al Salgado
Address Unknown

Thomas G. Carruthers, Esq.
O'Melveny & Myers, LLP
7 Times Square
New York, NY 10036
Attorneys for East 51st Street Development Company, LLC

Nationwide Mutual Insurance Company
As subrogee of Mayra Segovia F. Studio, LLC
Address Unknown

Donna Freel
Address Unknown

Stonington Insurance Company
5080 Spectrum Drive, Suite 900 East
Addison, TX 75001
Re: Fubar Partners Inc., Claim # 2008-023405

Government Employees Insurance Company
Re: Claim of Hisham Rifai
Address Unknown

Kelly Nail Center
Address Unknown

State Farm Insurance Companies
P.O. Box 71
Concordville, PA 19331
Re: Claim Numbers 32-K142-622 (Robert Butman), 32-K142-473 (Leventhal/Albertson),
32-K142-433 (Olivier Plusquellec), 32-K142-427 (Wilfredo Vegas), and 32-K142-458
(Maureen Shea)

Dorota Rycko
Address Unknown

Greater New York Mutual Insurance Company
As subrogee of Kibel and Duhl
Address Unknown

Myron S. Rosen, Esq.
Edelman & Edelman, P.C.
61 Broadway, Suite 3010
New York, NY 10006
Attorneys for William and Audrey Rapetti

LEVINE & SLAVIT
60 East 42nd Street
New York, NY 10165-0224
Attorneys for Claimant Chris Garcia

Deborah N.F. Truhowsky, Esq.
Schwartzapfel Truhowsky Marcus Sachs P.C.
300 Jericho Quadrangle Suite 180
Jericho, NY 11753
Attorneys for Tiffany Layne

William J. Conway, Esq.
JOHNSON & CONWAY, LLP
18 Sycamore Avenue, Suite 201
Ho Ho Kus, NJ 07423
Attorneys for Doka USA Ltd.

Derek S. Sells, Esq.
The Cochran Firm
233 Broadway, 5th Floor
New York, NY 10279
Attorneys for Rosalie Stephens

East 51st Street Development Company, LLC
c/o Kramer Levin Naftalis & Frankel Llp
Attn: Jay Neveloff, Esq.
1177 Avenue of The Americas
New York, New York, 10036

The Automobile Insurance Company of Hartford, Connecticut
One Tower Square
Hartford, CT 06183
Re: Jeremy Wolf, Claim # 2008-023440; Leigh Weismann, Claim # 2008-023444; Nicole
Urban, Claim # 2008-023448; Jennifer Shapiro, Claim # 2008-023451; Christine Salemi,
Claim # 2008-023455; Amy Rubin, Claim # 2008-023460; Seth Mach, Claim # 2008-
023473; Maximilian Hoover, Claim # 2008-023483; Peter Fernandes, Claim # 2008-
023485; Lisa Manowitz, Claim # 2008-023499; Michelle Crowley, Claim # 2008-
023501; Elissa Brin, Claim # 2008-0234503; Bruce Bernstein, Claim # 2008-023503;
Gordon Bares, Claim # 2008-023504; and Anthony Amato, Claim # 2008-023505

Bruce Bernstein
Address Unknown

Juan Perez
Address Unknown

Lexington Insurance Company
Re: Claim of East 51st Development
Address Unknown

Clarence and Teresa Kwei
Address Unknown

Denise Bleider
Address Unknown

Liberty Mutual Insurance Company
175 Berkeley Street
Boston, MA 02117
Re: Leslie Defino, Claim # 2008-019887; Adam Black, Claim # 2008-019888; Craig
Monaco, Claim # 2008-019889; and Brett Bushinger, Claim # 2008-019890

Robert and Amy Tucker
Address Unknown

Victor Guanaquiza
Address Unknown

Kathleen Tompkins
Address Unknown

Edward Allen
Address Unknown

Catherine Cohen
Address Unknown

964 Associates LLC
304 East 52nd Street
New York, NY 10022

968 Kingsmen LLC
c/o Eric L. Goldberg, Esq.
Olstan Grundman Frome Rosenzwieg & Wolosky LLP
65 East 55th Street
New York, NY 10022

Christine Salemi
Address Unknown

The Travelers Indemnity Company
One Tower Square
Hartford, CT 06183
Re: Salon B, Inc., Claim # 2008-023401

The Phoenix Insurance Company
One Tower Square
Hartford, CT 06183
Re: RRES Restaurant Group, LLC, Claim # 2008-023408; and Krunch Pizza & Bar,
Claim # 2008-023410

Luz Lalich
Address Unknown

KBL 51st Street Limited Partnership
c/o The Kibel Company
300 East 34th Street
New York, NY  10016

Everest National Insurance Company
Westgate Corporate Center
477 Martinsville Road
Liberty Corner, NJ  07938-0830
Re: OISHI LLC and Dorothy Finger, Claim # 2008-023423; Ascott Properties, LLC,
Claim # 2008-023659; and Jonathan D. Levine, Claim # 2008-023661

The Charter Oak Fire Insurance Company
One Tower Square
Hartford, CT  06183
Re: Harold Streitman, Claim # 2008-023425; Mary Smillie, Claim # 2008-023426;
Camille Lipton, Claim # 2008-023430; and Carl Lella, Claim # 2008-023437

Francis J. Brennan, Esq.
NOLAN & HELLER, LLP
39 North Pearl Street, 3rd Floor
Albany, NY  12207
Attorneys for Barker Steel Co., Inc.

Michael J. Vollbrecht, Esq.
GORLICK, KRAVITZ & LISTHAUS, P.C.
17 State Street
New York, NY  10004
Attorneys for Linear Contracting, Inc.

Stephen G. Rubin, Esq.
STEPHEN G. RUBIN & ASSOCIATES, P.C.
225 Old Country Road
Melville, NY  11747
Attorneys for TMJ Plumbing & Heating Corp.

John Does 1-300
Addresses Unknown